J-S12036-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                             :                PENNSYLVANIA
                                             :

                 v.                        :

DEVIN MICHAEL MILLER           :

         Appellant              :      No. 1011 MDA 2022

Appeal from the Judgment of Sentence Entered July 6, 2022
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0000726-2021

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and COLINS, J.*

JUDGMENT ORDER BY COLINS, J.:          **FILED:  AUGUST 4, 2023**

Appellant, Devin Michael Miller, appeals from the judgments of sentence imposed by the Centre County Court of Common Pleas after a jury found him guilty of driving under the influence (DUI) of a Schedule I controlled substance as a fourth offense and false identification to a law enforcement officer, and the lower court found him guilty of driving while operating privilege is suspended or revoked (DUI related) as a third or subsequent violation, driving while operating privilege is suspended or revoked (DUI related) with controlled substance in blood as a third or subsequent violation, failing to wear protective headgear while operating a motorcycle, careless driving, and failing to use a traffic signal before initiating a turn.[1]  He challenges the denial of his pre-trial

---

* Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(d)(1)(i), 4914(a), 1543(b)(1)(iii), 1543(b)(1.1)(iii), 3525(b), 3714(a), and 3334(a), respectively.

motion to dismiss his case, alleging that the Commonwealth violated his right to a speedy trial under the Pennsylvania and United States Constitutions.

In its opinion filed pursuant to Pa.R.A.P. 1925(a), the trial court notes that it "addressed the reasons for its decision regarding th[e speedy trial] issue on the record at the April 4, 2022 [h]earing and therefore relies on said [t]ranscript and respectfully requests the [o]rder [d]enying the [m]otion be affirmed."[2]  Trial Court Opinion, 8/16/22, 2.  Our review of the transcript, however, reveals arguments made by the parties followed by the trial court's entry of an order denying Appellant's pre-trial motion to dismiss under Pa.R.Crim.P. 600, which the court acknowledged was no longer premised under Rule 600.  *See* N.T. 4/4/22, 19 ("And now, this 4th day of April 2022, the defendant's motion to dismiss under Rule 600, which I understand that's what it's captioned and that's not what's argued, but is DENIED.").  The transcript from the hearing does not reflect the trial court's reasons for denying Appellant's speedy trial violation claim that was argued at the hearing.  Accordingly, we remand for the trial court to file a supplemental Pa.R.A.P. 1925(a) opinion, addressing the court's reasons for issuing the order denying the dismissal motion, within sixty days of the trial court's receipt of the certified record.

---

[2] We note that, while the Rule 1925(a) opinion was issued by the Honorable Jonathan D. Grine, who presided over Appellant's trial and sentencing, the Honorable Brian K. Marshall presided over the hearing on the motion to dismiss.

Case remanded for preparation of a supplemental opinion. Jurisdiction retained.